**Evelyn Taylor HOSKINS, Plaintiff,**

v.

**Norma Hoskins TEVLIN, Defendant.**

Civ. A. No. 93–67–B.

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

March 28, 1994.

Donald E. Earls, Norton, VA, for plaintiff.

Sherry Lee Wilson, Client Centered Legal Services of S.W. VA, Inc., Castlewood, VA, for Norma Hoskins Tevlin.

### MEMORANDUM OPINION

TURK, District Judge.

This matter is before the court on the parties' cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure 56.

Upon careful consideration of the record, the applicable law, and the briefs submitted by the parties, the court finds that plaintiff's motion for summary judgment must be granted and that defendant's motion for summary judgment must be denied.

## I. BACKGROUND

This declaratory judgment action involves the widow and the former wife of Eulyss Hoskins, who died intestate on June 5, 1990. The defendant and Mr. Hoskins were granted a divorce on January 29, 1968 by decree of the Court of Common Pleas in Franklin County, Ohio. Defendant alleges that this decree required Mr. Hoskins to pay permanent child support and that he failed to make these payments. Subsequent to his divorce from the defendant, Mr. Hoskins married the plaintiff and remained married to her until his death.

Subsequent to Mr. Hoskins' death, the Department of Labor determined that he had been underpaid federal "black lung" benefits. In August 1992, the Department of Labor paid these benefits to the plaintiff. Defendant has filed an action in the Circuit Court for the County of Wise, Virginia requesting that the court award a judgment against Mr. Hoskins' estate for unpaid child support payments. Defendant claims that the black lung benefits paid to the plaintiff are assets of Mr. Hoskins' estate and are therefore subject to her claim against the estate. Plaintiff has requested that this court declare that the back benefits are her personal property and are not subject to the defendant's claim.

## II. ANALYSIS

Both parties agree that there are no unresolved issues of material fact and that the sole issue for determination is whether the Black Lung benefits in question are subject to a claim against the decedent's estate or whether the benefits are the personal property of the plaintiff. The determination of this issue will involve the interpretation of federal regulations; therefore, jurisdiction of the court is based upon a federal question pursuant to 28 U.S.C. § 1331.

The federal regulation controlling the distribution of black lung underpayments states,

> If an individual to whom an underpayment was made dies before receiving payment of the deficit or negotiating the check or checks representing payment of the deficit, such payment shall be distributed to the living person (or persons) in the highest order of priority as follows: (1) [t]he deceased individual's surviving spouse who was either (i) [l]iving in the same household at the time of such individual's death....

20 CFR § 725.545(c).

This regulation clearly states that unpaid black lung benefits are to go to the surviving spouse and not to the estate. This conclusion is supported by the fact that the same regulation places "the legal representative of the estate of the deceased individual" last in the descending order of priority. 20 CFR § 725.545(c)(7).

Furthermore, 20 CFR § 725.515 states that "no assignment, release, or commutation of benefits due or payable under this part shall be valid, and all benefits shall be exempt from claims of creditors and from levy, execution, and attachment or other remedy or recovery or collection of a debt, which exemption may not be waived." Thus, Mr. Hoskins could not have designated by will or contract that another individual receive the underpayment nor could a creditor levy on the underpayment to satisfy a debt owed by Mr. Hoskins.

The court finds that the clear intent of these federal regulations is to make the underpayments of black lung benefits payable to the surviving spouse as her personal property.[1] Therefore, the court finds that plaintiff's motion for summary judgment must be granted and that defendant's motion for summary judgment must be denied.

---

[1]. This conclusion is supported by the Fourth Circuit's statement that "the miner's claim for underpayment of benefits during his life passes by a quasi-inheritance system." *Charles v. Director, OWCP,* 1 F.3d 251, 254 (4th Cir.1993).